IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION
*(Electronically Filed)*

| | |
|---|---|
| KENTUCKY GAMBLING RECOVERY LLC, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) CIVIL ACTION NO. _____ <br> ) |
| UNDERDOG SPORTS HOLDINGS, INC. dba UNDERDOG FANTASY; DABBLE SPORTS LLC; DABBLE SPORTS PTY LTD; BLAZESOFT LTD; BLAZEGAMES, INC.; SCPS LLC dba ZULA CASINO | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

## NOTICE OF REMOVAL

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Defendant Underdog Sports Holdings, Inc. d/b/a/ Underdog Fantasy ("Underdog"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby specially appears for the purpose of this removal and, preserving all defenses, removes this action from the Circuit Court of Franklin County, Kentucky.

The remining defendants – Dabble Sports LLC and Dabble Sports Pay Ltd ("Dabble") and Blazesoft Ltd; Blazegames, Inc. and SCPS LLC d/b/a Zula Casino ("Blazesoft" and collectively, with Underdog and Dabble, the "Defendants") – consent to the removal.

Pursuant to 28 U.S.C. §1446(d), Underdog will file a Notice of Removal with the Clerk of the Circuit Court of Franklin County, Kentucky, attaching a copy of this Notice (with exhibits) and concurrently serve the parties, through counsel, with same.

In support of this Notice of Removal, Underdog states as follows:

## **OVERVIEW OF THE STATE COURT ACTION**

1. On June 11, 2025, Plaintiff Kentucky Gambling Recovery LLC ("Plaintiff") initiated this action against Defendants by filing a Complaint in the Circuit Court of Franklin County, Kentucky, Case No. 25-Cl-00513.

2. Plaintiff filed a First Amended Complaint (the "FAC") in the Circuit Court on October 29, 2025.

3. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders in the state court case to date are attached hereto as **Exhibit A**.

4. Defendant Underdog was served with a copy of the Summons and FAC on November 3, 2025.

5. Defendants Dabble Sports, LLC and Dabble Sports Pty Ltd. were served with a copy of the FAC on October 31, 2025 and November 8, 2025 respectively.

6. Upon information and belief, Defendant SCPS LLC was served with a copy of the Summons and FAC on October 31, 2025. Upon information and belief, Defendants Blazesoft Ltd. and Blazegames, Inc. have not yet been served.

7. Accordingly, this Notice of Removal, filed within 30 days of service, is timely. 28 U.S.C. § 1446(b).

8. Plaintiff's allegations against Underdog, and the other Defendants, in this case arise from Defendants' publication of online games, which Plaintiff claims are unlawful contests of chance under Kentucky law. Ex. A at pp. 61-87 (the "FAC.") §§ II, III.

9. Plaintiff's FAC asserts a single count under a Kentucky statute, the Loss Recovery Act, Kentucky Revised Statutes ("KRS") § 372.040, to recover alleged losses on behalf of "thousands" of unidentified "individuals within Kentucky" who "have lost – and

continue to lose – more than $5 at any single time (or over 24 hours) by allegedly gambling with Defendants, and have not sued to recover those losses within six months of payment to Defendants." FAC ¶ 87.

10. Kentucky's Loss Recovery Act traces to the Statute of Anne, a 1710 English anti-gambling law. *Id.* ¶ 5.

11. Plaintiff argues that Kentucky's Loss Recovery Act permits it—a Delaware LLC created only months ago for purposes of litigation, but which alleges no losses of its own—to recover treble the amount of the alleged gambling losses of thousands of unidentified individual Kentucky residents who may have used Underdog's platform over the last five years. Plaintiff alleges no purported connection to any contest participant and does not identify a single user of the Underdog platform. Plaintiff further alleges a right to seek attorneys' fees and costs. FAC ¶¶ 6, 7, Prayer for Relief (C).

12. Defendants have not filed responsive pleadings in the Circuit Court in advance of removing the case to this Court.

13. Underdog reserves all defenses, including, but not limited to, those under Fed. R. Civ. P. 12(b)(6) and the right to move to compel arbitration. *See Andrews v. TD Ameritrade, Inc.*, 596 Fed. App'd 366, 371 (6th Cir. 2014) ("Removal to federal court does not waive a party's otherwise enforceable right to arbitrate.").

14. By removing this action, Underdog does not consent to this Court's exercise of personal jurisdiction over it in this action, and reserves the right to move for dismissal on that ground. *See Smith v. Parks, et al.,* No. 5:14-260-KKC (E.D. Ky 2015) ("defendant does not waive objections to . . . personal jurisdiction by removing a state court action to federal court").

## PARTIES

15. Plaintiff Kentucky Gambling Recovery LLC is a limited liability company formed under the laws of Delaware. FAC ¶ 7.

16. The Plaintiff entity was formed just months ago in Delaware for the apparent and sole purpose of bringing this unprecedented and opportunistic lawsuit.

17. There are news reports suggesting that the Plaintiff entity is linked to litigation funding efforts of Veridis Management LLC and its CEO Maximillian Amster.[1] Notably, Plaintiff and Veridis Management share an address: 1700 S MacDill Ave, Suite 300, Tampa FL 33629. *See* FAC ¶ 7 (Plaintiff's "mailing address is 1700 S MacDill Ave, Suite 300, Tampa, FL 33629"); https://www.veridismgmt.com/contact (showing contact information for Veridis Management LLC at the same address).

18. Plaintiff has refused requests by counsel for Underdog to identify the names or identities of its members.

19. While Plaintiff has refused to identify its members - the ultimate beneficiaries of this alleged claim – Plaintiff has represented that the members of Kentucky Gambling Recovery LLC are (1) natural persons domiciled in Florida and (2) a limited liability company, whose members are in turn domiciled in Texas.

20. Defendant Underdog Sports Holdings, Inc. is a Delaware corporation with its principal place of business in Brooklyn, New York.

---

[1] *See Ohio Gambling Recovery LLC v. Kalshi, Inc. et al*, 25-cv-01573-BY (N.D. Ohio July 30, 2025) ECF No. 8-1, ¶19 ("The 'Authorized Person' for each of the plaintiff LLCs, including Ohio Gambling Recovery LLC, is Maximillian Amster, the Chief Executive Officer of Veridis Management LLC ('Veridis'), a litigation finance firm."). *See also* Emily R. Siegel, *Kalshi Suits Using Arcane 1700s Law Are Lit Funder's Big Bet*, Bloomberg Law (Oct. 2, 2025) https://news.bloomberglaw.com/business-and-practice/kalshi-suits-using-arcane-1700s-law-are-lit-funders-big-bet.

21. Defendant Dabble Sports, LLC is a limited liability company organized and existing under the laws of Delaware. Dabble Sports, LLC's singular member is Defendant Dabble Sports Pty Ltd.

22. Defendant Dabble Sports Pty Ltd. is an Australian corporation with its principal place of business in Darwin, Australia.

23. Upon information and belief, Defendant Blazesoft Ltd. is a Canadian corporation with its principal place of business in Ontario, Canada.

24. Upon information and belief, Defendant Blazegames, Inc. is a Delaware corporation with its principal place of business in Ontario, Canada.

25. Upon information and belief, Defendant SCPS LLC is a limited liability company organized and existing under the laws of Delaware. Blazegames, Inc., a Delaware corporation with its principal place of business in Ontario, Canada, is SCPS LLC's sole member.

## VENUE

26. Venue is proper in the Eastern District of Kentucky, Frankfort Division, because the state court action was filed in the Circuit Court of Franklin County, Kentucky. Thus, this Court is the "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## GROUNDS FOR REMOVAL

**A.  Diversity Jurisdiction**

27. Removal of this case is proper under 28 U.S.C. §§ 1441(a), 1441(b), and 1332(a). Together, these statutes allow for the removal of any civil action between "citizens of a State and citizens or subjects of a foreign state" where the amount in controversy exceeds $75,000, provided that no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

28. All requirements are met in this case. The amount in controversy exceeds $75,000, and there is complete diversity between Plaintiff and Defendants.

1. <u>The Amount in Controversy Exceeds $75,000</u>

29. On the face of the FAC, Plaintiff seeks to recover "three times the amount" of all alleged "gambling losses" by "thousands of individuals" under the Kentucky Loss Recovery Act, KRS § 372.040 (the "LRA"). FAC ¶¶ 6, 87.

30. Plaintiff alleges in the FAC that Defendants "[e]ach year . . . take tens of millions of dollars from Kentucky gamblers," and further, that Plaintiff is entitled to seek treble the amount of these alleged gambling losses under the LRA. *Id.* ¶ 6.

31. A fair reading of the FAC demonstrates that the amount in controversy, as pleaded, is at least "tens of millions of dollars," and therefore the alleged losses exceed $75,000 and the amount of controversy requirement for removal is satisfied. *Id.*

2. <u>Complete Diversity Exists Between Plaintiff and Defendants</u>

32. For purposes of assessing diversity of citizenship, it is well established that a limited liability company has the citizenship of its members. *Key Equipment Finance Inc. v. McCarty Transport,* LLC, 2008 WL 1868033, at *1 (E.D. Ky. Apr. 24, 2008); *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (same).

33. Plaintiff Kentucky Gambling Recovery LLC is a limited liability company. Plaintiff provided that the members of Kentucky Gambling Recovery LLC are (1) natural persons domiciled in Florida and (2) a limited liability company, whose members are domiciled in Texas.[2]

---

[2] While it is entirely appropriate under the circumstances for Underdog to rely upon the representations of Plaintiff's counsel concerning the domicile of Plaintiff's members, Underdog requests and suggests that it would be wholly appropriate for the Court to enter an order requiring Plaintiff to identify its members for the record in order that the Court be satisfied that

6

FP 60580392.1

34. Thus, for purposes of diversity, the Plaintiff limited liability company is domiciled in Florida and Texas.

35. No Defendant is domiciled in Florida or Texas.

36. For purposes of assessing diversity of citizenship, a corporation is considered to be domiciled in its state or organization and the state in which it is headquartered. *Safeco Ins. Co. of America v. City of White House, Tenn.,* 36 F.3d 540, 545 (6th Cir. 1994)**.**

37. At the time this action was commenced, Underdog was and remains a domestic company formed and existing under the laws of the state of Delaware, with its principal place of business in New York. FAC ¶ 8.

38. Underdog, therefore, is domiciled in Delaware and New York for purposes of this Notice of Removal.

39. Defendant Dabble Sports, LLC is a limited liability company, whose only member, Defendant Dabble Sports Pty Ltd, is an Australian corporation with its principal place of business in Darwin, Australia.

40. Applying the legal analysis applicable to limited liability companies and corporations, Defendant Dabble Sports Pty Ltd is domiciled in Australia and Defendant Dabble Sports, LLC, which takes on the domiciliary status of its member, is also domiciled in Australia.

41. Defendant Blazesoft Ltd. is a Canadian corporation with its principal place of business in Ontario, Canada.

---

diversity of citizenship exists. "The existence of subject matter jurisdiction may be raised at anytime, by any party, or even *sua sponte* by the court itself." *Ogle v. Church of God*, 153 Fed. App'x 371, 374 (6th Cir. 2005). In addition, as a matter of initial process, a court should be apprised of the identity of litigants in order to manage its affairs and determine whether grounds exist for recusal.

FP 60580392.1

42. Applying the legal analysis applicable to corporations, Defendant Blazesoft Ltd. is a corporation domiciled in Canada.

43. Defendant Blazegames, Inc. is a Delaware corporation with its principal place of business in Ontario, Canada.

44. Applying the legal analysis applicable to corporations, Blazegames, Inc. is a corporation domiciled in Delaware and Canada.

45. Defendant SCPS LLC is a limited liability company organized and existing under the laws of Delaware, whose sole member is a Delaware corporation with its principal place of business in Ontario.

46. Applying the legal analysis applicable to limited liability companies and corporations, Defendant SCPS LLC is domiciled in Delaware and Canada.

47. As no defendant is domiciled in Florida or Texas, there exists complete diversity between Plaintiff and Defendants and removal is proper pursuant to 28 U.S.C. §§ 1441(a), 1441(b), and 1332(a).

**B.  Class Action Fairness Act**

48. This Court also has subject matter jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d).

49. Under CAFA, a federal district court has jurisdiction over a "class action" when (1) there is minimal diversity of citizenship between the parties, *i.e.*, if "any member of a class of plaintiffs is a citizen of a State different from any defendant," (2) the aggregate amount in controversy exceeds $5 million" and (3) the proposed class contains at least 100 members.  28 U.S.C. § 1332(d)(2), (5).

50. CAFA defines a class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* § 1332(d)(1)(B).

51. This definition "is to be interpreted liberally," consistent with the "overall intent" of CAFA: "to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications." S. Rep. No. 109-14, at 35 (2005). Indeed, Congress enacted CAFA to address gamesmanship by lawyers who attempt to keep interstate class actions out of federal court. *Id.* at 4–5. Congress "firmly believe[d]" that interstate class actions "properly belong in federal court" because they "typically involve more people, more money, and more interstate commerce ramifications than any other type of lawsuit." *Id.* at 5. Congress has also emphasized that, "[g]enerally speaking, lawsuits that resemble a purported class action should be considered class actions for the purpose of applying" CAFA. *Id.* at 34–35.

52. This action is in substance a class action. The FAC asserts claims under the Kentucky Loss Recovery Act, in a representative capacity on behalf "thousands of individuals within Kentucky," and seeks to recover all the money that those players spent on Defendants' online games. FAC ¶ 87.

53. Plaintiff does not identify those persons who allegedly wagered and lost, yet seeks to bring this suit in a manner similar to a class action under Federal Rule of Civil Procedure 23.

54. Plaintiff seeks to represent "thousands of individuals within Kentucky" on a common claim. Plaintiff's suit plainly "resemble[s] a purported class action" and therefore, per Congress' express instruction, this suit "should be considered [a] class action[] for the purpose of applying" the CAFA. S. Rep. No. 109-14, at 35.

55. However, instead of attempting to satisfy class-action requirements, Plaintiff created a strawman business entity to sue on others' behalf and thus achieve the same aggregation effect while keeping the recovery for itself and circumventing those class-action requirements. Plaintiff's use of Kentucky's Loss Recovery Act in this manner calls for coverage by CAFA: Congress did not intend to force defendants to litigate in state court when state law purportedly authorizes a class-like device that has far *fewer* protections for defendants than Rule 23.

56. Based on the allegations in Plaintiff's FAC, all three statutory requirements for exercising diversity jurisdiction under CAFA are met here.

57. "Congress through CAFA sought to relax the requirements of diversity jurisdiction in order to make it easier for plaintiffs to bring certain interstate class actions … in federal court." *Nessel ex rel. Mich. v. AmeriGas Partners, L.P.*, 954 F.3d 831, 834 (6th Cir. 2020). FAC ¶ 87.

58. There is at least minimal diversity. Plaintiff alleges that it is bringing claims to "recover the money … taken from" Kentucky residents who purportedly have incurred losses on Defendants' online games. FAC ¶¶ 6, 24 (Plaintiff is "su[ing]" to recover "the uncollected losses . . . Defendants have inflicted on the people of Kentucky within the statute of limitations period.").

59. In light of Plaintiff's allegations, at least one of those individuals who allegedly incurred losses is a citizen of Kentucky. And certainly, at least one Defendant is not domiciled in Kentucky, such that minimal diversity exists.

60. Further as discussed above, a fair reading of the FAC demonstrates that the aggregate amount in controversy of the alleged losses well exceeds $5 million (*see* FAC ¶ 6

10

FP 60580392.1

(alleging that Defendants have improperly earned "tens of millions of dollars from Kentucky gamblers")).

61. As to numerosity, Plaintiff alleges to bring the claim on behalf of "thousands of individuals within Kentucky," well above CAFA's 100-member threshold. *Id.* ¶ 87.

## **CONCLUSION**

Based on the foregoing, removal is proper under 28 U.S.C. §§ 1332, 1441, 1446, and 1453. By removing this action to this Court, Underdog reserves and does not waive any defenses, objections, or motions available to them under state or federal law, including the right to move to compel arbitration of Plaintiff's claim and/or assert any defenses under Fed. R. Civ. P. 12(b). In addition, the Court also has subject matter jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d).

WHEREFORE, Underdog hereby removes this action from the Circuit Court of Franklin County, Kentucky, to the United States District Court for the Eastern District of Kentucky, Frankfort Division. This Notice has been served on all counsel of record on the date and manner stated in the Certificate of Service.

Dated: November 26, 2025

>/s/ Timothy J. Weatherholt
> Timothy J. Weatherholt
> FISHER & PHILLIPS LLP
> 220 West Main Street, Suite 1700
> Louisville, Kentucky 40202
> Telephone: (502) 565-3982
> Fax: (502) 561-3991
> Email: tweatherholt@fisherphillips.com
>
> - and -
>
> William Gantz (*pro hac vice forthcoming*)
> DUANE MORRIS LLP

100 High Street, Suite 2400
Boston, Massachusetts 02110
Telephone: (857) 488-4200
Fax: (857) 403-3026
Email: BGantz@duanemorris.com

*Counsel for Defendants Underdog Sports Holdings, Inc., Dabble Sports, LLC and Dabble Sports Pty Ltd*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November 2025, I electronically filed the foregoing ***Notice of Removal*** with the Clerk of Court using the CM/ECF system. I further certify that on the same date a true and correct copy of the foregoing was served by electronic mail upon the following counsel of record:

Grace E.L. Greenwell
BAHE COOK CANTLEY & NEFZGER PLC
1041 Goss Avenue
Louisville, Kentucky 40217
Telephone: (502) 587-2002
Fax: (502) 587-2006
Email: graceg@bccnlaw.com

Derek T. Ho (Pro hac, Pending)
Kyle B. Grigel (Pro hac Pending)
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M. Street, N.W., Suite 400
Washington, D.C. 2003
Telephone: (202) 326-7900
Fax: (202) 326-7999
Email: dho@kellogghansen.com
       kgrigel@kellogghansen.com

COUNSEL FOR PLAINTIFF

*/s/Timothy J. Weatherholt*
COUNSEL FOR DEFENDANTS

FP 60580392.1